UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-423 |
| ) | |
| REAL PROPERTY LOCATED AT ) | |
| 1308 SELBY LANE, ) | |
| KNOXVILLE, TENNESSEE, 37922 ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This civil forfeiture action *in rem* is before the court on the United States' "Motion to Determine Validity and Extent of Lien" [doc. 23] and "Knox County's Motion for Relief from Judgment and to Determine the Validity and Extent of Knox County's Tax Lien" [doc. 25]. The motions have been fully briefed and are ripe for the court's determination. For the reasons that follow, the United States' motion will be granted and Knox County's motion will be denied.

I.

*Background*

On October 5, 2010, Leslie Janous was indicted in this court on 13 counts of wire fraud. The indictment contained a forfeiture allegation as to real property located at 1308 Selby Lane in Knoxville, Tennessee. Janous subsequently pled guilty and was sentenced to a term of imprisonment of 110 months. On November 4, 2011, the court

entered an agreed preliminary order of forfeiture in the criminal case. [3:10-CR-124, doc. 56]. Therein, Janous agreed in material part to forfeit her interest in the Selby Lane property and what appears to be an adjacent "tract two" located at 1525 Wembley Hill Road (collectively, "the real property").

On October 1, 2010, the United States filed the instant civil action, a verified complaint *in rem* against the two tracts of the Selby Lane property. On September 27, 2012, the court entered an "Agreed Consent Order and Entry of Forfeiture for Property Located at 1308 Selby Lane, Knoxville, Tennessee and 1525 Wembley Hill Road, Knoxville, Tennessee" ("final order of forfeiture") which addressed the rights of claimants Regions Bank, The Painted Room, and Scancarbon. [Doc. 19].

The final order of forfeiture states that "the United States sent Notice of Complaint for Forfeiture directly to all individuals and entities known by the Government to have interest in the Defendant Property." [Doc. 19, p. 2]. That was, however, not the case. Admittedly,

> Pursuant to the pattern of practice in this district, the United States did not directly notice Knox County; instead it recognized the valid [property tax] lien without requiring Knox County to file a claim in the judicial proceeding. The United States seldom sends direct notice to the local and state governments regarding its real property forfeiture; rather the United States recognizes those liens in full and pays the accrued taxes and interest of those liens in full from the sale proceeds.

[Doc. 24, p. 2-3].

The United States sold the real property in late 2014 but a disagreement arose between the United States and Knox County as to the extent of the latter's tax lien. Those parties entered into an "Agreed Order Holding Proceeds of Sale in Escrow" which

2

allowed the sale to go forward with a portion of the proceeds to be held until this court determined "the validity and extent of Knox County's lien." [Doc. 22; doc. 21, p. 1].

The United States filed its "Motion to Determine Validity and Extent of Lien" on November 14, 2014. It is the United States' position that Knox County has a valid lien for taxes and interest only up to the date of entry of the final order of forfeiture, September 27, 2012, because on that date the real property transferred to the United States and was thus exempt from state taxation. *See, e.g., M'Culloch v. Maryland*, 17 U.S. 316 (1819). Acknowledging that it did not provide direct notice to Knox County, the United States argues that it provided "constructive and actual" notice by internet publication and by the October 5, 2010 filing of a notice of *lis pendens* with the Knox County Register of Deeds. The United States also contends that it was entitled to rely on its above-cited "pattern of practice." Lastly, the United States argues that Knox County cannot show that it was prejudiced by any lack of notice.

"Knox County's Motion for Relief from Judgment and to Determine the Validity and Extent of Knox County's Tax Lien" was filed on December 12, 2014. Knox County seeks relief under Federal Rule of Civil Procedure 60(b)(4), stressing that its motion is not brought under any other provision of Rule 60. [Doc. 25, p. 1; doc. 27, p. 10]. Knox County argues that it was given insufficient notice of the forfeiture, thereby rendering the final order of forfeiture "void." Although the motion and briefing are not entirely clear, it is presumably Knox County's position that it is due taxes and interest up to the date of the real property's sale. Knox County seeks an order "declaring all prior proceedings, orders, and judgments in the above captioned forfeiture action void and of

3

no effect and reopening the action for further hearing to allow Knox County, as an innocent owner, to assert its interest in the Defendant Property." [Doc. 27, p.12].

II.

*Analysis*

For purposes of this opinion, the court will presume that the United States did not provide Knox County with the direct notice required by Rule G(4)(b) of the federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Despite that presumption, Knox County has not shown that it is entitled to the requested relief.

As noted, Knox County stresses that its motion is brought solely under Rule 60(b)(4). That rule provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] the judgment is void[.]" In arguing that that the final order of forfeiture in this case is "void," Knox County directs the court's attention to caselaw from the First, Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits while downplaying authority from the <u>Sixth Circuit</u>. [Doc. 27, p. 8]. However, the Sixth Circuit, <u>in which this court sits</u>, has ruled that forfeitures without adequate notice are "voidable, <u>not void</u>." *See United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) (emphasis added). This court is bound to follow Sixth Circuit authority rather than potentially conflicting cases from other circuits. Under *Dusenbery*, the final order of forfeiture in this case is not void. Knox County's motion – expressly based solely on the Rule 60(b)(4) theory that the final order of forfeiture is void – therefore fails.

4

Additionally, Knox County's motion is untimely. A Rule 60(b)(4) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Rule G(4)(b) notice issues aside, the United States Marshals Service sent a letter to the Knox County Tax Assessor on April 2, 2013, notifying that the United States now had title to the real property pursuant to the September 27, 2012 final order of forfeiture. That letter "invoke[d] the doctrine of sovereign immunity which precludes the payment of state and local taxes on property which has been forfeited." [Doc. 24, ex. B]. Without explanation, Knox County did not file the instant motion until more than 20 months later. Knox County's Rule 60(b)(4) motion, even if it had merit, was not made within a reasonable time.

Lastly, Knox County has not demonstrated prejudice resulting from the lack of direct notice. The United States concedes that Knox County is due property taxes and interest up to the date of the final order of forfeiture. Knox County has not shown what more it would or could have received if direct notice of the forfeiture had been provided.

Citing *Dusenbery* (which it had previously encouraged this court to disregard), Knox County argues that it "is entitled to reopen the proceeding and 'put the Government to its proofs under a probable cause standard.'" *Dusenbery*, 201 F.3d at 768. *Dusenbery*, however, involved a motion for return of forfeited property brought by a criminal defendant pursuant to Federal Rule of <u>Criminal</u> Procedure 41(e) [now 41(g)]. *See id.* at 764, 768. On the facts of that case, the Sixth Circuit did not grant Dusenbery the opportunity to reopen his forfeiture proceeding. The Court explained, "We fail to see

5

the equity in allowing the claimant more than he would have been accorded in the first place; namely the fortuitous benefit of avoiding the forfeiture process altogether." *Id.* at 768.

Similarly, in civil cases, Rule 61 of the Federal Rules of Civil Procedure provides that "[u]nless justice requires otherwise, no error . . . by the court or a party . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantive rights." The court notes Knox County's complaint that it lost tax revenue during the almost two years that it took the United States to sell the real property. That is, however, a dissatisfaction with what happened *after* entry of the final order of forfeiture. Knox County has in no way explained how an issue of post-forfeiture revenue is related to the issue of inadequate notice of the forfeiture proceeding itself. For this additional reason, Knox County's motion must be denied pursuant to Federal Rule of Civil Procedure 61.

III.

*Conclusion*

"Knox County's Motion for Relief from Judgment and to Determine the Validity and Extent of Knox County's Tax Lien" [doc. 25] will be denied and the United States' "Motion to Determine Validity and Extent of Lien" [doc. 23] will be granted. An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
  United States District Judge