UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-CV-423 |
| REAL PROPERTY LOCATED AT 1308 SELBY LANE, KNOXVILLE, TENNESSEE 37922 | ) ) ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Intervenor-Claimant Knox County, Tennessee's Motion to Intervene [doc. 36], the United States' Response in Opposition [doc. 40], Intervenor-Claimant Knox County, Tennessee's Motion to Consolidate [doc. 37], the United States' Response in Opposition [doc. 41], and Intervenor-Claimant Knox County, Tennessee's Motion for Oral Argument [doc. 42]. For the reasons herein, the Court will deny the motions.

### I.  BACKGROUND

The United States brought this civil forfeiture action against two properties—one located at 1308 Selby Lane, Knoxville, Tennessee 37922 and the other located at 1525 Wembley Hill Road, Knoxville, Tennessee 37922, ("Defendant Properties")—claiming they were subject to forfeiture under 28 U.S.C. §§ 981(a)(1)(C), 2461. [Verified Compl., doc. 1, ¶ 8]. Specifically, the United States alleged that Leslie Janous ("Ms. Janous")

purchased the Defendant Properties with $647,698 in criminal proceeds, which she unlawfully obtained through acts of wire fraud, and that the Defendant Properties were therefore subject to forfeiture. [*Id.* ¶ 10].[1] Three claimants came forward and asserted an interest in the Defendant Properties—Regions Bank, The Painted Room, and Scancarbon, Inc. [Regions Bank Verified Claim, doc. 8; The Painted Room Verified Claim, doc. 15; Scancarbon, Inc. Verified Claim, doc. 16]. Recognizing their interests, the United States reached an agreement with them for the final disposition of the Defendant Properties, and the parties moved to preserve the agreement in a Consent Order [doc. 19], which provided the United States with the right to sell the Defendant Properties and use the proceeds to meet the claimants' interests. [*Id.* ¶ 11].[2] The Court approved the Consent Order, which, by its own terms, "constitute[d] entry of a final order of forfeiture." [*Id.*].

But as the United States prepared to sell the Defendant Properties, a dialogue began between it and Knox County, Tennessee ("Knox County")—which, though it was not a party to the Consent Order, apparently contacted the United States Attorney's Office and maintained that it too had an interest in the Defendant Properties,[3] namely liens for the

---

[1] The United States indicted Ms. Janous on thirteen counts of wire fraud and brought criminal forfeiture allegations against the Defendant Properties as well. [Indictment at 1–6, doc. 5, *United States v. Leslie Janous*, No. 3:10-CR-00124 (E.D. Tenn. Oct. 5, 2010)]. She eventually reached a plea agreement with the United States, and as part of her agreement, she forfeited her interest in the Defendant Properties to the United States. [Am. Plea Agreement, doc. 33, ¶ 13, *United States v. Leslie Janous*, No. 3:10-CR-00124 (E.D. Tenn. Feb. 24, 2011)]. The Court sentenced her to a term of 110 months in prison. [J., doc. 57, at 2, *United States v. Leslie Janous*, No. 3:10-CR-00124 (E.D. Tenn. Nov. 9, 2011)].

[2] The Painted Room assigned its interest in the Defendant Properties to Scancarbon, Inc. [Consent Order ¶ 6].

[3] Well before the Court's entry of the Consent Order, the United States had recorded a Lis Pendens [doc. 3] in the Knox County Register of Deeds.

payment of back taxes. [*See* Joint Mot. Hold Proceeds in Escrow, doc. 21, at 3]. A dispute then arose between Knox County and the United States, with the United States contending that Knox County was only entitled to collect taxes that had accumulated prior to entry of the Consent Order, not after it. [*See* United States' Br., doc. 24, ¶¶ 10–11]. In an effort to resolve their dispute, the United States acknowledged Knox County's lien as valid and purported to have waived the requirement that Knox County must file a verified claim of interest in the Defendant Properties. [*Id.* ¶ 8]. Together, they moved the Court to hold the proceeds from the Defendant Properties' sale in escrow, until the Court could determine the extent of Knox County's liens. [Joint Mot. Hold Proceeds in Escrow at 3]. Although the Court granted the parties' motion, [Order, doc. 22], Knox County soon afterwards moved for relief from the Consent Order altogether, seeking an order "declaring all proceedings, orders, and judgments . . . void and of no effect." [Mot. Relief, doc. 25, at 1]. The Court denied Knox County's motion [Order Denying Mot. Relief, doc. 33], and Knox County appealed its decision, [Notice of Appeal, doc. 34].

The Sixth Circuit rejected Knox County's appeal, dismissing it for lack of subject matter jurisdiction because Knox County had never properly become a party to the lawsuit in the first place. [Sixth Circuit's Order, doc. 35, at 3–4]. The Sixth Circuit noted that because a civil forfeiture action is in rem—meaning that the property subject to forfeiture, rather than a person, is the defendant—a third party with an interest in the property has to intervene in the case before it can protect that interest. [*Id.* at 4]. The Sixth Circuit stated that Knox County could have intervened in three ways: (1) by filing a verified claim, (2) by filing a motion to intervene under Federal Rule of Civil Procedure 24, or (3) by

3

requesting the Sixth Circuit's permission to intervene in a post-judgment capacity for purposes of appeal. [*Id.* at 4]. Because "Knox County did none of those things," it was unable to recognize Knox County as a party to the case. [*Id.* at 3–4]. Now, Knox County reappears before this Court with a Rule 24 motion to intervene in hand, asking the Court to acknowledge it as "a party to this civil forfeiture proceeding," [Mot. Intervene ¶ 34], and to set aside the forfeiture of the Defendant Properties, [Mot. Relief, doc. 36-1, at 1].

## II. LEGAL STANDARD

Intervention is "[t]he entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Intervention*, *Black's Law Dictionary* (10th ed. 2014) (citing Fed. R. Civ. P. 24). Intervention is available to a party in two forms under the Federal Rules of Civil Procedure: intervention as of right and permissive intervention. Fed. R. Civ. P 24(a)–(b). Federal Rule of Civil Procedure 24(a) permits a party to intervene in an action as of right, which means a court must allow a party to intervene when that party:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Under this language, a would-be intervenor must satisfy four elements before he is entitled to intervene: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of

intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citation omitted). "[A] failure to meet [any] one of the [four factors] will require that the motion be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

### III. ANALYSIS

Although Knox County does not expressly say so, the type of intervention that it pursues appears to be intervention as a matter of right under Rule 24(a), parts of whose language it recites, if only briefly, in its motion. [*See* Mot. Intervene ¶¶ 35–36]. As an initial matter, the fact that a case like this one is in post-judgment cannot in and of itself preclude a party from achieving intervention. *See Taylor v. KeyCorp*, 680 F.3d 609, 616 n.7 (6th Cir. 2012) ("Entry of final judgment, alone, is not a basis upon which to deny a motion to intervene." (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–96 (1977))). Rather, the question of whether a motion to intervene is timely—the first of the four elements for analysis under Rule 24(a)—is "a matter within the sound discretion of the district court." *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982) (citations omitted).

But even before the Court weighs the issue of timeliness—or any issue relating to the four elements for analysis—it must recognize that intervention is first and foremost a matter of standing. "For *all* relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, *or an intervenor of right*." *Town*

*of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (emphasis added).[4] Standing to sue is a doctrine that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). The legal wrong that Knox County, as a prospective intervenor, seeks to redress is the civil forfeiture of the Defendant Properties, and it requests an order setting aside that forfeiture. [Mot. Intervene at 9; Mot. Relief at 1].[5] In reviewing Knox County's right to intervene and pursue this relief, the Court has license to raise standing *sua sponte* because it is a prerequisite for subject matter jurisdiction, *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007), without which the Court cannot hear Knox County's cause, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

In a civil forfeiture action, a third party who wishes to claim an interest in the res must have constitutional standing and statutory standing. *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). Statutory standing requires a third party

---

[4] Before the Supreme Court's recent decision in *Town of Chester*—in which it held that intervenors must establish Article III standing if they request relief different from a plaintiff's request for relief, 137 S. Ct. at 1651, "[c]ourts remain[ed] divided . . . on the question of whether an intervenor must establish Article III standing," *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 487–88 (6th Cir. 2014) (quotation omitted); *see Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005).

[5] Knox County asserts its right to this relief under Federal Rule of Civil Procedure 60 rather than under 18 U.S.C. § 983(e), which enumerates two specific conditions that a party must meet before a court may set aside a forfeiture. In light of § 983(e), the application of Rule 60 to this case is somewhat dubious. *Cf. United States v. Contents of Accounts*, 629 F.3d 601, 606–09 (6th Cir. 2011) (determining that Federal Rule of Civil Procedure 65 does not apply to forfeiture actions because its factors for injunctive relief differ from Rule G's procedure for the release of seized property).

to meet Congress' statutory requirements for claiming an interest in the res, namely those in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims[.]

18 U.S.C. § 983(a)(4)(A). Under Rule G(5) of the Supplemental Rules, a third party who has an interest in the res must assert that interest by filing a verified claim, without which he cannot attain statutory standing and become a litigant in the forfeiture proceeding in rem. *See United States v. Real Props. & Premises*, 521 F. App'x 379, 384 (6th Cir. 2013) ("[A] claimant *must* establish statutory standing by complying with Rule G(5)[.])" (emphasis added)); *United States v. Real Prop. Located at Mich. Ave.*, 489 F. App'x 855, 858 (6th Cir. 2012) ("[Claimants] lacked statutory standing to bring these claims, because they did not comply with Supplemental Rule G[.]"); *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 323 n.5 (6th Cir. 2010) ("[W]e require 'strict compliance' with the supplemental rules as a prerequisite for statutory standing to challenge a forfeiture action." (quotation omitted)); *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 5 (D.D.C. 2009) ("A verified claim in a forfeiture action *in rem* must be filed by the claimant in order for the claimant to acquire 'statutory standing[.]'" (quotation omitted)).

A verified claim under Rule G(5) remains necessary for statutory standing when a third party asserts an interest in the res as a would-be intervenor. *See Gilcrease Lane*, 641 F. Supp. 2d at 5 ("Congress has required a would-be intervener to establish, by filing a timely verified claim to some or all of the defendant property, that the claimant has an

interest in . . . the particular defendant property. Compliance with these requirements gives rise to 'statutory standing.'" (citations and footnote omitted)); *see also United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) ("[T]he Forfeiture Rules require claimants [to] establish standing to intervene in the in rem action . . . . by filing a claim in the court where the action is pending." (quoting Suppl. R. Admiralty or Mar. Cls. & Asset Forfeiture Actions G(5)(a)(i)); *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007) (asserting that a would-be intervenor "lack[ed] statutory standing to intervene" because he did not comply with the "most significant requirement . . . that the claimant must timely file a verified [claim]" (citation omitted)); *United States v. One-Sixth Share of Lottery Ticket No. M246233*, 326 F.3d 36, 40–41 (1st Cir. 2003) (observing that "[t]he federal forfeiture statute defines rules as to who may intervene and when they must do it" and noting that a "failure to file [a] timely claim disqualifies [a] would-be intervenor" (citation omitted)); Stefan D. Cassella, *Asset Forfeiture Law in the United States* 311 n.208 (2d ed. 2013) ("[F]iling a claim pursuant to Rule G(5) is the *only* way a third party can intervene in a civil forfeiture case.").

The district courts in this circuit have reached the same conclusion—a would-be intervenor must file a verified claim to obtain statutory standing in a forfeiture action. *See United States v. $311,570 in U.S. Currency*, No. 3:12 CV 1285, 2013 WL 6162989, at *4 (N.D. Ohio Nov. 22, 2013) ("[D]efenses to the civil forfeiture must be brought by a third party intervenor. This third party must himself have independent standing. Such standing involves satisfaction of both constitutional and statutory requirements." (citations omitted)); *United States v. One Silicon Valley Bank Account*, No. 1:05-cv-295, 2007 WL

8

1594484, at *3 (W.D. Mich. June 1, 2007) ("[B]ecause the Proposed Intervenors did not timely file claims . . . their motion to intervene will be denied for lack of standing."); *United States v. $38,852.00 in U.S. Currency*, 328 F. Supp. 2d 768, 769 (N.D. Ohio 2004) ("Because the [would-be intervenor] lacks standing . . . her Motion for Intervention is denied.").

Knox County has not filed a verified claim—timely or otherwise.[6] In fact, it asks the Court to waive Rule G(5)'s requirement of a duly filed verified claim in the res; in lieu of a verified claim, it requests "that the district court [interpret] its prior pleadings together with this Motion to Intervene as a 'claim' inasmuch as [it] has set out all of the necessary elements of its claim." [Mot. Intervene ¶ 33]. Knox County's request has problems to spare. First, Knox County has filed no prior pleadings in this action, only motions. Second, Rule G(5)'s requirement of a verified claim is not some mindless technicality but a *congressional* requirement, *see* 18 U.S.C. § 983(a)(4)(A), with important objectives, *$487,825.00 in U.S. Currency*, 484 F.3d at 664–65; *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 207 (6th Cir. 2005). Indeed, "[c]ourts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing." *$487,825.00 in U.S. Currency*, 484 F.3d at 665 (citations omitted); *see $22,050.00 U.S. Currency*, 595 F.3d at 323 n.5 (stating that courts in the Sixth Circuit must strictly comply with Rule G).

---

[6] Knox County asserts that it has not filed a claim to date because the United States did not give it proper notice of the forfeiture action. [Mot. Intervene ¶¶ 7–8, 33]. But Knox County must first *file* a claim, without which it lacks standing, before the Court can even consider any issues relating to the claim's timeliness.

The fact the United States purports to have "recognized the valid lien without requiring Knox County to file a claim" is meaningless. [United States' Br. ¶ 8]. Again, the filing of a verified claim under Rule G(5) is an antecedent to standing, without which the Court does not have subject matter jurisdiction over Knox County's cause. *Citizens for a Better Env't*, 523 U.S. at 94. Neither the United States nor any other party can unilaterally waive requirements implicating the Court's ability to exercise its subject matter jurisdiction. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (stating that "parties cannot waive the requirement of subject matter jurisdiction" (quotation omitted)).

In addition, Knox County's assertion that its "Motion to Intervene [i]s a 'claim' inasmuch as [it] has set out all of the necessary elements of its claim" is hardly accurate under Rule G(5). For one thing, Rule G(5)(a)(i)(C) states that a claim must be signed "by the claimant" and under the penalty of perjury. When counsel signs a claim on behalf of the claimant—as is the case here, [Mot. Intervene at 10]—it is invalid and the claimant lacks statutory standing. *See United States v. One Men's Rolex Masterpiece Watch*, No. 07-2508-STA-dkv, 2008 WL 2769368, at *1 (W.D. Tenn. July 11, 2008) (determining that a claimant was without statutory standing because the claim contained counsel's notarized signature, which is insufficient under Rule G(5)(a)(i)(C)); *see also $22,050.00 U.S. Currency*, 595 F.3d at 323 n.5 (demanding strict compliance with Rule G).

Rule G(5)(a)(i)(C)'s exacting standard is one example of how Rule G(5) differs in important respects from Rule 24(a) when a third party's ability to enter an in rem action is at issue. This difference is not inconsequential because Rule 24(a)—and more broadly

the Federal Rules of Civil Procedure as a whole—apply to forfeiture actions "*except* to the extent that they are inconsistent with th[e] Supplemental Rules." Suppl. R. Admiralty or Mar. Cls. & Asset Forfeiture Actions A(2) (emphasis added); *see Contents of Accounts*, 629 F. 3d 601, 606–09 (6th Cir. 2011) (holding that Federal Rule of Civil Procedure 65 is inapplicable to forfeitures because its factors for injunctive relief differ from Rule G's procedure for the release of property). While both Rule 24(a) and Rule G(5) allow third parties to assert an interest in property subject to suit, *compare* Rule 24(a) (permitting a person to intervene by timely "claim[ing] an interest relating to the property"), *with* Rule G(5)(a)(i) (allowing a person to "assert[] an interest in the defendant property"), this is where their similarities end.

For instance, the issue of timeliness is also a point of divergence between the two rules. Under Rule 24(a), courts in this circuit measure the timeliness of a third party's motion to intervene by considering numerous factors, which are non-dispositive and a matter of judicial discretion:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quotation omitted); *see Stotts*, 679 F.2d at 582. But under Rule G(5), a court's determination of the timeliness of a third party's claim is dependent instead on whether the United States (1) directly notified

potential claimants of the forfeiture action, (2) indirectly notified potential claimants (by newspaper or an official governmental forfeiture site), or (3) neither directly or indirectly notified potential claimants. Suppl. R. Admiralty or Mar. Cls. & Asset Forfeiture Actions G(5)(a)(ii). The time frame in which a third party must file a verified claim varies under each of these scenarios. *See id.*; *see also* 18 U.S.C. § 983(a)(4)(A).

Also, a court's analysis of timeliness under Rule G(5) is not open-ended, unlike under Rule 24(a), but hemmed in by strict compliance. *Compare United States v. City of Detroit*, 712 F.3d 925, 937 (6th Cir. 2013) ("There is no bright-line rule to determine the timeliness of a motion to intervene." (quotation omitted)), *with $22,050.00 U.S. Currency*, 595 F.3d at 323 n.5 ("[W]e require 'strict compliance' with the supplemental rules . . . [in] a forfeiture action." (quotation omitted)). Because of the inconsistencies between Rule 24(a) and Rule G(5), a third party's motion to intervene under Rule 24(a) in a forfeiture action must conform to Rule G's strictures. *See* Suppl. R. Admiralty or Mar. Cls. & Asset Forfeiture Actions A(2) (providing that the Federal Rules of Civil Procedure apply to forfeiture actions unless they are inconsistent with the Supplemental Rules); *see also Contents of Accounts*, 629 F. 3d at 606–09. Knox County's motion does not comply with Rule G(5), and therefore Knox County has no standing to intervene in this action.

### IV. CONCLUSION

Knox County fails to establish statutory standing to intervene in this in rem proceeding. As a result, Knox County's Motion to Intervene [doc. 36], Motion to

Consolidate [doc. 37], and Motion for Oral Argument [doc. 42] are not properly before the Court and are **DENIED**. The Court will enter an order consistent with this opinion.

        **IT IS SO ORDERED.**

                                  ENTER:

                                  s/ Leon Jordan
                                  United States District Judge